| | |
|---|---|
| **MILLICENT CRAWFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3847** |
| **HYATT CORPORATION, et al.** | **SECTION: "G"(3)** |

## ORDER

Pending before this Court is Plaintiff Millicent Crawford's ("Plaintiff") unopposed "Motion for Relief Under Rule 56(d)."[1] Plaintiff requests that the Court grant her additional time to complete discovery before ruling on Defendants' Hyatt Corporation, Ares Management Group, LLC, Hyatt Louisiana, LLC, and Western World Insurance Company (collectively, "Defendants") "Motion for Summary Judgment."[2]

Plaintiff's pending motion was filed on January 29, 2019 and set for submission on February 13, 2019.[3] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Defendants have filed no opposition to the motion, and therefore, the motion is deemed to be unopposed. This Court has authority to grant a motion that is unopposed, although it is not required to do so.[4] District courts may grant an unopposed motion as long as the motion has merit.[5]

---

[1] Rec. Doc. 39.

[2] Rec. Doc. 38.

[3] *Id.*

[4] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[5] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

In the instant motion, Plaintiff argues that the Court should deny or defer decision on Defendants' motion for summary judgment because discovery is ongoing and she requires additional time to gather facts necessary to support her opposition.[6] Plaintiff asserts that the Scheduling Order's deadline to complete discovery is July 30, 2019, so Defendants' motion is premature.[7] Plaintiff alleges that her deposition has been taken and she and Defendants have exchanged one set of written discovery, but written discovery remains outstanding with Defendant The Service Companies ("TSC"), as TSC was not added as a defendant in the matter until September 14, 2018.[8] Plaintiff also alleges that she is still attempting to schedule two depositions with former employees of TSC, but defense counsel has been unresponsive.[9]

Because of the ongoing discovery, Plaintiff avers that she should be afforded additional time to respond to Defendants' motion pursuant to Federal Rule of Civil Procedure 56(d).[10] Plaintiff argues that though she cannot at this time present facts essential to justify her opposition, additional discovery would elucidate several key issues raised in Defendants' motion.[11] In particular, Plaintiff believes the depositions of Arieon Burnett and Byron Grant will "establish actual or constructive notice of the spill by defendants through their agents or employees."[12] Plaintiff also contends that additional written discovery may reveal who was the source of the spill that caused Plaintiff's alleged fall.[13] Therefore, Plaintiff urges the Court to deny or defer decision

---

[6] Rec. Doc. 39-1 at 1.

[7] *Id.*

[8] *Id.* at 2.

[9] *Id.* at 1–2.

[10] *Id.*

[11] *Id.* at 2–3.

[12] *Id.* at 3.

[13] *Id.*

on Defendants' motion for summary judgment and allow her additional time to complete the aforementioned discovery.[14] In support of this motion, Plaintiff presents a declaration of her attorney, Nicholas Linder, stating that additional time is needed "to conduct discovery in order to ascertain necessary facts to justify plaintiff's opposition to defendants' Motion for Summary Judgment."[15]

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows by affidavit or declaration that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "provides a mechanism for dealing with the problem of premature summary judgment motions."[16] Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[17] "Such motions are broadly favored and should be liberally granted."[18]

In their motion for summary judgment, Defendants argue that they are not liable to Plaintiff because she cannot show that they had actual or constructive knowledge of the condition that allegedly caused Plaintiff's injuries.[19] Specifically, Defendants contend that there is "no evidence of actual knowledge," and Plaintiff cannot prove constructive knowledge because she does not

---

[14] *Id.*

[15] Rec. Doc. 39-3 at 1.

[16] *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 10-1922, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (citing *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb.12, 2004) (citing *Owens v. Estate of Erwin*, 968 F.Supp. 320, 322 (N.D.Tex. 1997))).

[17] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)).

[18] *Id.* (citing *Int'l Shortstop, Inc. v. Rally's Inc.,* 939 F.2d 1257, 1267 (5th Cir. 1991)).

[19] Rec. Doc. 38-1 at 5.

have evidence of how long the alleged liquid was on the floor.[20] In response, Plaintiff avers that she cannot properly oppose the motion until she conducts additional written discovery and is able to depose TSC's employees regarding their knowledge of the spill.[21]

Defendants have not responded to Plaintiff's Motion for Relief Under Rule 56(d) or presented any evidence to contradict Plaintiff's assertion that she cannot adequately oppose Defendants' motion for summary judgment without conducting additional discovery. Thus, this Court finds that Plaintiff's unopposed Motion for Relief Under Rule 56(d) has merit. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court will deny Defendants' motion for summary judgment without prejudice to allow the parties additional time to conduct discovery. The Court notes that, pursuant to the Court's Scheduling Order, the parties have until July 30, 2019 to complete discovery, and any non-evidentiary pretrial motions must be filed in sufficient time to permit hearing thereon no later than August 14, 2019.[22]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Millicent Crawford's unopposed "Motion for Relief Under Rule 56(d)"[23] is **GRANTED**.

---

[20] *Id.* at 5–8.

[21] Rec. Doc. 39-1.

[22] Rec. Doc. 36.

[23] Rec. Doc. 39.

**IT IS FURTHER ORDERED** that Defendants' Hyatt Corporation, Ares Management Group, LLC, Hyatt Louisiana, LLC, and Western World Insurance Company "Motion for Summary Judgment[24] is **DENIED WITHOUT PREJUDICE** pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

**NEW ORLEANS, LOUISIANA**, this 22nd day of April, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[24] Rec. Doc. 38.