UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILLICENT CRAWFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18 cv 3847** |
| **HYATT CORPORATION ET AL.** | **NJB - DMD** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT UNDER RULE 45(g.) FOR FAILURE TO APPEAR PURSUANT TO DEPOSITION SUBPOENA, TO COMPEL NON-PARTY'S ATTENDANCE AT DEPOSITION, AND FOR SANCTIONS**

**MAY IT PLEASE THE COURT:**

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff Millicent Crawford brought suit in Civil District Court for Orleans Parish under Louisiana state tort law for injuries sustained in a slip-and-fall accident alleged to have occurred in the Hyatt Regency Hotel in downtown New Orleans. Defendants removed the suit to federal court in this action. Subsequent to the discovery of a staffing contract with The Service Companies Inc. of Florida, the Hyatt defendants impleaded The Service Companies, Inc. as a third-party defendant, and plaintiff impleaded The Service Companies, Inc. as a defendant to the principal action. A discovery completion deadline is presently set for July 30, 2019, and the matter is currently set for trial September 30, 2019.[1]

Defendants identified Arieon Burnett, a non-party, as an employee of The Service Companies, Inc. present at the hotel on the date of an incident, and the incident report in the matter notes her as an eyewitness to the incident.[2] Counsel for The Service Companies, Inc.

---

[1] Rec. Doc. 36, p.4
[2] Exhibit 1

1

informed plaintiff's counsel that Ms. Burnett no longer is employed by the Service Companies, Inc.  In the several months prior to noticing Ms. Burnett's deposition, plaintiffs' counsel attempted to contact Ms. Burnett on several occasions by telephone in order to request information regarding the incident, but Ms. Burnett would not voluntarily discuss the incident with counsel.  Plaintiff hired a private investigator to obtain a current address for Ms. Burnett, and plaintiff's counsel issued a subpoena to Ms. Burnett pursuant to Rule 45 of the *Federal Rules of Civil Procedure* to secure her presence in order for her deposition to be taken on June 12, 2019.  The subpoena was issued with the required text of Rule 45, as well as a check in the amount of $53.92 for one day's appearance fee and mileage.  The subpoena contained the name of the court, the title and number of the action, the time and place of the deposition, the recording method, and counsel's signature and contact information.  Ms. Burnett was served with the deposition subpoena and related items on June 11, 2019.[3]  Ms. Burnett failed to appear on her deposition date of June 12, 2019.[4]  Additionally, she did not contact counsel or object to the deposition. Ms. Burnett did cash the check delivered to her with the subpoena for her appearance fee and mileage.[5]  Plaintiff herein seeks an order holding Ms. Burnett in contempt for her failure to appear without adequate excuse at her deposition, as well as an order compelling her to testify at a deposition at a subsequent date.

---

[3] Subpoena and return attached as Exhibit 2
[4] *Proces Verbal* attached as Exhibit 3
[5] Portion of counsel's bank statement showing check written to Ms. Burnett attached as Exhibit 4

**LAW AND ARGUMENT**

A. **Contempt Under Rule 45(g)**

A party may depose any person and may compel that person's attendance by subpoena under Rule 45. Fed. R. Civ. Pro. 30. The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. Pro. 45(g). A contempt order is available where a party makes no response whatsoever to a subpoena, and "Where a non-party has been properly served with a deposition, the non-party is required to either object to the subpoena or attend." *Tranchant v. Envtl. Monitoring Serv., Inc.*, 00-2196, 2001 WL 1160864, at * 1 (E.D.La. 10/2/2001). The deponent who fails to object or attend may be ordered to pay the reasonable costs and fees, including attorney's fees of the moving party. *Id.* at * 2.[6]

Here, counsel for plaintiff issued a subpoena for Ms. Burnett's attendance at deposition in the proper form, including the required text of Rule 45 and a mileage and witness fee for one day's attendance calculated pursuant to 28 U.S.C. § 1821. Ms. Burnett was served with the subpoena June 11, 2019.[7] She failed to appear or make objection to her deposition scheduled June 12, 2019.[8] Despite her failure to appear, object, or contact plaintiff's counsel concerning the deposition, Ms. Burnett cashed the check for her appearance fee and mileage.[9] Thus, plaintiff moves for an order holding Arieon Burnett in contempt under Rule 45(g) and ordering her to pay plaintiff's costs associated with the deposition and reasonable attorney's fees.

---

[6] *See also Francois v. Blandford*, 10-330, 2012 WL 777273 (E.D.La. 3/7/2012) (holding the appropriate path is to sanction the uncooperative witness where the witness is not under a party's control)
[7] Exhibit 2.
[8] Exhibit 3.
[9] Exhibit 4.

3

### B. Order Compelling Deposition Testimony under Rule 37(a)(1)

Plaintiff additionally seeks an order compelling Ms. Burnett to submit to a deposition under Rule 37. A party seeking discovery may move for an order compelling discovery from a deponent who fails to answer questions asked under Rule 30. Fed. R. Civ. Pro. 37(a)(3)(B)(i). A non-party may be ordered by the court to attend a deposition. *See Hahn v. Hunt*, 15-2867, 2016 WL 1587405, at * 3 (E.D.La. 4/20/16).[10] Ms. Burnett's deposition testimony is material and important to the case, as in addition to being an eyewitness to the fall forming the basis of the suit, Ms. Burnett has also indicated to Mia Redd, one of plaintiff's witnesses, that she had actual knowledge of the source of the liquid plaintiff slipped on.[11] Thus, plaintiff seeks an order from this court compelling Ms. Burnett to submit to a deposition in this case.

### C. Sanctions Under Rule 37(a)(5)

Upon granting a Motion to Compel Discovery and after providing an opportunity to be heard, a court must require the deponent whose conduct necessitated bringing the motion to pay movant's reasonable expenses in bringing the motion. Fed. R. Civ. Pro. 37(a)(5)(A). Costs and attorney's fees "incurred in obtaining an order compelling a non-party-deponent to appear for a deposition when the non-party has failed to do so are recoverable" pursuant to Rule 37. *Aetna Cas. & Sur. Co. v. Rodco Autobody*, 130 F.R.D. 2, 4 (D. Mass. 1990). Rule 37 sanctions apply to motions to compel non-parties to attend depositions. *Pennwalt Corp v. Durand-Wayland Inc.*, 708 F.2d 492, 494 (9th Cir. 1983).[12] Prior to issuing the subpoena, counsel for plaintiff attempted in good faith to confer with Ms. Burnett in order to discuss the incident forming the basis of this suit

---

[10] *Aff'd*, 15-2867, 2016 WL 6518863 (E.D.La. 11/2/16).
[11] Affidavit of Mia Redd attached as Exhibit 5.
[12] Footnote 4.

5

and memorialize her recollection thereof and schedule a deposition at her convenience, and when that failed, counsel issued a subpoena for attendance to her deposition. Ms. Burnett failed to appear. As she failed to object to the subpoena and made no attempt to contact counsel to reschedule or discuss the deposition, sanctions for costs and fees incurred in obtaining an order compelling her to attend a deposition are warranted in this case.

## CONCLUSION

Ms. Arieon Burnett was an eyewitness to the slip and fall incident that forms the basis of the suit. Additionally, she has made statements suggesting she has actual knowledge concerning the source of the spilled liquid and events surrounding the spill and plaintiff's fall. Even though Ms. Burnett is not a party to this litigation, plaintiff has the right to compel her to submit to deposition. Because of her failure to attend her properly subpoenaed deposition, this court should hold her in contempt under Rule 45(g), order her to attend a deposition, and order her to pay costs and fees associated with her failure to appear at her deposition and the preparation of a necessary Motion to Compel.

RESPECTFULLY SUBMITTED:

 /s/ Nicholas S. Lindner
**NICHOLAS S. LINDNER (#31841)**
Branden Villavaso (#34805)
631 Saint Charles Avenue
New Orleans, LA 70130
Te: (504) 579-2601
Fax: (504) 267-2062

5