UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MILLICENT CRAWFORD | * | CIVIL ACTION NO. 2:18-CV-3847 |
| | * | |
| VERSUS | * | |
| | * | |
| HYATT CORPORATION, ARES | * | JUDGE NANNETTE JOLIVETTE |
| MANAGEMENT GROUP, LLC, | * | BROWN |
| HYATT LOUISIANA, LLC, AND | * | |
| WESTERN WORLD INSURANCE | * | |
| COMPANY | * | MAGISTRATE JUDGE DANIEL E. |
| | * | KNOWLES, III |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant/Third Party Defendant, **THE SERVICE COMPANIES, INC.**, (hereinafter "Defendant") who submits the following memorandum in support of its Motion for Summary Judgment. Defendant will demonstrate that Plaintiff cannot sustain her burden of proof at trial that Defendant was negligent in any way in causing her damages. Specifically, Defendant will demonstrate that Plaintiff cannot prove Defendant had actual or constructive notice of any spill prior to Plaintiff's fall. Additionally, Plaintiff cannot link Defendant to the liquid she claims she slipped on, Plaintiff cannot establish how long the liquid was present on the floor before she fell, and she cannot identify where the liquid came from. These facts are fatal to her claim under established jurisprudence and the Louisiana Merchant Liability Statute, and, accordingly, Plaintiff and Third-Party Plaintiff's claims against Defendant must be dismissed.

**I.    FACTS**

Plaintiff, Millicent Crawford, filed suit seeking damages for personal injuries allegedly sustained on March 2, 2017 as a result of a slip and fall accident which occurred at the Hyatt

Regency Hotel in New Orleans, Louisiana. (See Petition for Damages – R. Doc. 3-1) Subsequently, Defendants and Third Party Plaintiffs, Hyatt Corporation, Ares Management Group, LLC, Hyatt Louisiana, LLC, and Western World Insurance Company, filed a third party demand against Defendant seeking defense and indemnity for all claims arising out of Defendant's work at the Hyatt hotel pursuant to a contract between Defendant and Third Party Defendants. (See Third Party Demand – R. Doc.18) Defendant, The Service Companies, Inc., provided floor and carpet cleaning services at the Hyatt hotel. Subsequently, Plaintiff filed an amended Complaint against Defendant, alleging that Defendant was liable to Plaintiff because it, along with Hyatt, had actual or constructive knowledge of a spill on its premises and was negligent in failing to remove it. (See First Amended Complaint – R. Doc. 27)

Plaintiff and some friends were guests at the Hyatt during the Mardi Gras week in New Orleans in 2017. (Exhibit "A" – Deposition of Plaintiff, pg. 43) On the early morning of March 2, 2017 at approximately 2:00 a.m., Plaintiff and her friends left their room and were making their way to the front desk to check out. (Exhibit "A" Plaintiff's deposition, pg. 49) Plaintiff, her party, and a bellman, exited the elevator on the third floor to walk to the escalators which led down to the front desk. (Exhibit "A" pg 49) As Plaintiff was walking from the elevator to the escalators, she noticed a man with a buffing machine blocking to path to the escalators. (Exhibit "A" pg. 51) Plaintiff therefore had to walk around the bar area in between the bar and some tables. (Exhibit "A") The man with the buffing machine, later identified as Mr. Byron Grant, was not buffing the floors at the time Plaintiff and her party were walking to the escalators. (Exhibit "A" pg 53) Just as Plaintiff passed the beginning of the bar, she slipped and fell. (Exhibit "A" pg 64) Plaintiff claims that she slipped in a clear liquid. (Exhibit "A" pg. 67) She could not identify specifically what it was or if it had an odor. (Exhibit "A" pg. 67) Plaintiff admitted that she had no idea how long the liquid

was on the floor before she slipped. (Exhibit "A" pg. 68) She also admitted that she had no idea where the liquid came from. (Exhibit "A" pg. 68) Just prior to her fall, Plaintiff did not notice anything wrong with the floor from the elevators to the location of her fall. (Exhibit "A" pg 114) Plaintiff also could not tell if the Defendant had even begun buffing the floor prior to her accident. (Exhibit "A" pg. 114)

Mr. Byron Grant was employed by Defendant at the time of Plaintiff's accident. (Exhibit "B" – Deposition of Byron Grant pg. 9 ) He was buffing the floor on the third floor near the area where Plaintiff fell at the time of her fall. (Exhibit "B" pg. 26 ) Mr. Grant testified that he did not know if there was any spill on the floor before Plaintiff's fall. (Exhibit "B" pg. 31) Mr. Grant testified that he did not know what substance was on the floor or how long it was present prior to Plaintiff's fall. (Exhibit "B" pg. 52) Mr. Grant also testified that he did not believe any TSC employee had any knowledge of a spill on the ground at the time of Plaintiff's fall. (Exhibit "B" pgs. 58-59)

Plaintiff has recently deposed another former employee of Defendant, Ms. Aerion Burnett.[1] Ms. Burnett testified that she saw a spill in the area where Plaintiff fell approximately thirty minutes before Plaintiff's fall, and she notified Mr. Grant of its presence. However, Ms. Burnett also testified that she left the area and later returned to the third floor area. She admitted that someone could have cleaned up the spill prior to her returning. She also testified that another employee of Defendant was in the area cleaning up just prior to Plaintiff's fall.

## II.   LAW AND ARGUMENT

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has

---

[1] Ms. Burnett was deposed on July 29, 2019. Her deposition transcript is not available at this time, but will be supplemented as an exhibit upon receipt.

the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). In resisting a motion for summary judgment, the nonmoving party may not rely upon mere allegations, or denials, contained in its pleadings or briefs; rather, the party must come forward with specific facts showing the presence of a genuine issue for trial. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir.1990).

One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53. Accordingly, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Proc. Rule 56(a).

### B. Plaintiff Cannot Meet Her Burden of Proof

Under Louisiana Civil Code Article 2317.1, the owner or custodian of a thing is answerable for the damages caused by its ruin, vice, or defect only upon showing that he or she knew, or in the exercise of reasonable care should have known, of the ruin, vice, or defect which caused the damage; that the damage could have been prevented by the exercise of reasonable care; and that he or she failed to exercise such reasonable care. *Anderson v. Rapides Parish Police Jury*, 2012-245 (La. App. 3 Cir. 10/3/12). It is well established that a plaintiff alleging negligence or strict liability of a building owner or custodian must prove three elements: (1) the defendant either owned or had care, custody, or control of the thing in question; (2) the thing was a cause-in-fact of the plaintiff's injuries; and (3) the thing presented an unreasonable risk of harm. *Gallina v. Hero Lands Co.*, 03-0331, pp. 4-5 (La.App. 4 Cir. 10/7/03), 859 So.2d 758, 762 (citing *Baker v. Murphy*

*Oil USA, Inc.*, 01-1299, p. 5 (La.App. 4 Cir. 4/10/02), 816 So.2d 329, 332). In addition, the plaintiff must prove: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that the defendant failed to exercise such reasonable care. *Wells v. St. Augustine High School, Inc.*, 14-0234, p. 7 (La.App. 4 Cir. 9/3/14), 150 So.3d 1, 5 (citing *Gailey v. Barnett*, 12-0830, p. 5 (La.App. 4 Cir. 12/5/12), 106 So.3d 625, 628).

With regard to the element of knowledge, a plaintiff must prove that the defendant had actual or constructive knowledge of the vice or defect. Constructive knowledge "imposes a reasonable duty to discover apparent defects in things under the defendant's garde." *Tsegaye v. City of New Orleans*, 15-0676, p. 20 (La.App. 4 Cir. 12/18/15), 183 So.3d 705, 718, *writ denied*, 16-0119 (La. 3/4/16), 188 So.3d 1064 (citing *Ladner v. Trinity Group, Ltd.*, 45,937, p. 9 (La.App. 2 Cir. 2/16/11), 57 So.3d 1197, 1202). A court may find constructive knowledge "if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." *Id.* (citing *Boutin v. Roman Catholic Church of Diocese of Baton Rouge*, 14-313, p. 6 (La.App. 5 Cir. 10/29/14), 164 So.3d 243, 246–47.

It is also well-settled that a plaintiff opposing summary judgment cannot rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B); *Darr v. Marine Electronics Solutions, Inc.,* 11–908, p. 9 (La.App. 5 Cir. 5/22/12), 96 So.3d 527, 533, *writ denied,* 12–1442 (La.10/8/12), 98 So.3d 860; *Peralta v. Perazzo,* 06–343, p. 6 (La.App. 5 Cir. 10/31/06), 942 So.2d 64, 68, *writ denied,* 06–3028 (La.2/16/07), 949 So.2d 415. Mere conclusory allegations and unsupported speculation will not support the finding of a genuine issue of material fact; such allegations and speculation are

insufficient to satisfy the opponent's burden of proof. *Sears v. Home Depot, USA, Inc.,* 06–201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied,* 06–2747 (La.1/26/07), 948 So.2d 168.

In this matter, Plaintiff can make no causal connection to the clear liquid and the Defendant. In order to sustain her burden of proof at trial against Defendant, she must demonstrate that there is a causal connection between the clear liquid and Defendant. Plaintiff clearly cannot demonstrate such a fact. In fact, Plaintiff admits, and the fact is clear, that the "buffer man" was not buffing the floor at the time of Plaintiff's fall. Additionally, Plaintiff testified that the floor area where she was walking did not look like it was being cleaned or buffed, and had looked the way it had always looked during the course of her stay. Put simply, Plaintiff has no idea where the liquid came from, what type of liquid it was, or how long it had been there. By her own admission in her deposition, she indicated that it did not have an odor or smell like a cleaning product. The fact that the "buffer man" was standing in the area is not enough of a causal connection to establish negligence. The "buffing man's" buffing machine was not operating according to plaintiff, and the floor area did not appear to have been recently cleaned or buffed. For all intents and purposes, the "buffing man" had not yet started buffing the floors in the area where plaintiff fell. Additionally, there is no telling where the liquid came from.

Furhtermore, Plaintiff cannot establish that Defendant either created or had actual or constructive notice of the liquid on the floor. Again, Plaintiff admits in her deposition that the liquid was not in the vicinity of the "buffer man." Additionally, it was evident that the floor had not yet begun to be buffed or cleaned prior to her fall. For all intents and purposes, a guest could have spilled a drink immediately before Plaintiff's fall. Either way, there is no evidence to suggest that the liquid was present for a significant amount of time as to trigger the notice requirement

under the Louisiana Merchant Liability Statute. Furthermore, Mr. Grant's testimony establishes that neither he, nor anyone else, to his knowledge, knew of any spill on the floor prior to Plaintiff's fall. As mentioned above, the day before the discovery deadline, Aerion Burnett, a former employee (who was terminated) testified that she saw a spill approximately 30 minutes prior to this accident. However, she also testified that she then left the area. She agreed that someone could have cleaned the spill while she was gone and admitted that another employee was in the area cleaning when she returned to the area. Defendant submits that the testimony from Ms. Burnett does not establish constructive notice and, even if her testimony could show the notice element, her testimony also shows that Defendants were acting reasonably. She testified that an employee was in the area cleaning up when she returned to the area.

The facts demonstrate that Plaintiff cannot establish where the liquid came from or how long it was there prior to her fall. Defendant can therefore not be found liable for failing to act reasonably to clean the spill because there is no evidence that Defendant knew or should have known of its existence. The temporal element is lacking. Even if the testimony of Aerion Burnett could prove notice, that same testimony also shows that Defendant was acting reasonably in cleaning the area in question. Thus, Plaintiff's claim against defendant is fatal for she cannot sustain all the elements needed to prove her claim against Defendant at trial. Therefore, Plaintiff's claims against Defendant must be dismissed with prejudice. Consequently, if the Court grants Defendant's Motion for Summary Judgment, the third-party claims made against Defendant by Third-Party Plaintiffs, Hyatt Corporation, Ares Management Group, LLC, Hyatt Louisiana, LLC, and Western World Insurance Company must also be dismissed, with prejudice.

### C. CONCLUSION

Plaintiff cannot sustain her burden of proof at trial regarding her claims of negligence against Defendant in this matter. Plaintiff cannot identify the liquid she slipped in, she cannot demonstrate how it got on the floor, or how long it was present prior to her slip and fall. Additionally, the facts and Plaintiff's testimony establish that she cannot establish a causal link between Defendant and the spill on the floor so as to sustain her burden of proof at trial. Further, even if Plaintiff could show that Defendants had notice, the evidence also shows that Defendants were acting reasonably in attempting to clean the area. Accordingly, Plaintiff's claims should be dismissed with prejudice. Consequently, if the Court dismisses Plaintiff's claims against Defendant, Defendant prays that the third party demand filed by Third Party Plaintiffs be dismissed, with prejudice.

    Respectfully submitted,
**TREADAWAY BOLLINGER, LLC**

/s/ Brett M. Bollinger
BRETT M. BOLLINGER (#101502)
JEFFREY E. MCDONALD (#103086)
BRAD D. FERRAND (#29860)
L. PETER ENGLANDE (#34535)
406 North Florida Street, Suite 2
Covington, Louisiana 70433
Telephone: (985) 273-3123
Telefax: (985) 871-8788
E-mail: brett@ztlalaw.com
*Attorney for The Services Companies, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record by the Court's Electronic Case Filing System, e-mail and/or by placing same in the U. S. Mail, postage prepaid, this 30th day of July, 2019.

/s/ Brett M. Bollinger
BRETT M. BOLLINGER