UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MILLICENT CRAWFORD | * | CIVIL ACTION NO. 2:18-CV-3847 |
| | * | |
| VERSUS | * | |
| | * | |
| HYATT CORPORATION, ARES | * | JUDGE NANNETTE JOLIVETTE |
| MANAGEMENT GROUP, LLC, | * | BROWN |
| HYATT LOUISIANA, LLC, AND | * | |
| WESTERN WORLD INSURANCE | * | |
| COMPANY | * | MAGISTRATE JUDGE DANIEL E. |
| | * | KNOWLES, III |
| | * | |
| | * | |

******************************************************************************

## STATEMENT OF UNCONTESTED FACTS

**NOW INTO COURT**, through undersigned counsel, comes Defendant and Third Party Defendant, **THE SERVICE COMPANIES, INC.**, (hereinafter "Third Party Defendant") who respectfully

 submits the following Statement of Uncontested Facts in support of its Motion for Summary Judgment filed herewith.

1.

Plaintiff, Millicent Crawford, filed suit against Defendants/Third Party Plaintiffs Hyatt Corporation, Ares Management Group, LLC, Hyatt Louisiana, LLC, and Western World Insurance Company seeking damages for personal injuries allegedly sustained on March 2, 2017 as a result of a slip and fall accident which occurred at the Hyatt Regency Hotel in New Orleans, Louisiana. (See– Petition for Damages – R. Doc. 3-1)

2.

Plaintiff and some friends were guests at the Hyatt during the Mardi Gras week in New Orleans in 2017. (Exhibit "A" – Deposition of Plaintiff, pg. 43)

3.

On the early morning of March 2, 2017 at approximately 2:00 a.m., Plaintiff and her friends left their room and were making their way to the front desk to check out. (Exhibit "A"- Plaintiff's deposition, pg. 49)

4.

Plaintiff, her party, and a bellman, exited the elevator on the third floor to walk to the escalators which led down to the front desk. (Exhibit "A" pg 49)

5.

As Plaintiff was walking from the elevator to the escalators, she noticed a man with a buffing machine blocking to path to the escalators. (Exhibit "A" pg. 51)

6.

Plaintiff therefore had to walk around the bar area in between the bar and some tables. (Exhibit "A" pg. 51)

7.

The man with the buffing machine was not buffing the floors at the time Plaintiff and her party were walking to the escalators. (Exhibit "A" pg 53)

8.

Just as Plaintiff passed the beginning of the bar, she slipped and fell. (Exhibit "A" pg 64)

9.

Plaintiff claims that she slipped in a clear liquid. (Exhibit "A" pg. 67)

10.

Plaintiff could not identify specifically what it was or if it had an odor. (Exhibit "A" pg. 67)

11.

Plaintiff admitted that she had no idea how long the liquid was on the floor before she slipped. (Exhibit "A" pg. 68)

12.

Plaintiff also admitted that she had no idea where the liquid came from. (Exhibit "A" pg. 68)

13.

Just prior to her fall, Plaintiff did not notice anything wrong with the floor from the elevators to the location of her fall. (Exhibit "A" pg 114)

14.

Plaintiff also could not tell if the buffing man had even begun buffing the floor prior to her accident. (Exhibit "A" pg. 114)

15.

Mr. Byron Grant was employed by Defendant at the time of Plaintiff's accident. (Exhibit "B" – Deposition of Byron Grant pg. 9 )

16.

Mr. Grant was buffing the floor on the third floor near the area where Plaintiff fell at the time of her fall. (Exhibit "B" pg. 26)

17.

Mr. Grant testified that he did not know if there was any spill on the floor before Plaintiff's fall. (Exhibit "B" pg. 31)

18.

Mr. Grant testified that he did not know what substance was on the floor or how long it was present prior to Plaintiff's fall. (Exhibit "B" pg. 52)

19.

Mr. Grant also testified that he did not believe any TSC employee had any knowledge of a spill on the ground at the time of Plaintiff's fall. (Exhibit "B" pgs. 58-59)

20.

An employee of Defendant was cleaning the area where Plaintiff fell at the time of her fall. (See deposition testimony of Aerion Burnett which will be supplemented following receipt of transcript.)

21.

Subsequently, Defendants and Third Party Plaintiffs, Hyatt Corporation, Ares Management Group, LLC, Hyatt Louisiana, LLC, and Western World Insurance Company, filed a third party demand against Third Party Defendant seeking defense and indemnity for all claims arising out of Third Party Defendant's alleged work at the Hyatt hotel pursuant to a contract between Defendant/Third Party Plaintiffs and Third Party Defendant. (See Third Party Demand – R. Doc.18)

22.

Plaintiff then filed an amended Complaint against Third Party Defendant, alleging that Third Party Defendant was liable to Plaintiff because it, along with Hyatt, had actual or constructive knowledge of a spill on its premises and was negligent in failing to remove it. (See First Amended Complaint R. Doc. 27 )

Respectfully submitted,

**TREADAWAY BOLLINGER, LLC**

/s/ Brett M. Bollinger_____
BRETT M. BOLLINGER (#101502)
JEFFREY E. MCDONALD (#103086)
BRAD D. FERRAND (#29860)
L. PETER ENGLANDE (#34535)
406 North Florida Street, Suite 2
Covington, Louisiana 70433
Telephone: (985) 273-3123
Telefax: (985) 871-8788
E-mail: brett@ztlalaw.com
*Attorney for The Services Companies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record by the Court's Electronic Case Filing System, e-mail and/or by placing same in the U. S. Mail, postage prepaid, this 30th day of July, 2019.

/s/ Brett M. Bollinger
BRETT M. BOLLINGER